TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6077/4443
     Facsimile:  (213) 894-0141
     E-mail:     ruth.pinkel@usdoj.gov
                 lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>MARK RIDLEY-THOMAS and<br>MARILYN LOUISE FLYNN,<br><br>            Defendants. | No. CR 21-00485-DSF<br><br>REVISED PROTECTIVE ORDER REGARDING DISCOVERY |

The Court has read and considered the parties' Stipulation for a Revised Protective Order Regarding Discovery filed by the government and defendants MARK RIDLEY-THOMAS and MARILYN LOUISE FLYNN (collectively, the "defendants") in this matter on February 23, 2022, which this Court incorporates by reference into this order.  FOR GOOD CAUSE SHOWN, the Court hereby FINDS AND ORDERS as follows:

    1.    The government's discovery in this case relates to defendants' alleged crimes: Conspiracy (18 U.S.C. § 371), Bribery

(18 U.S.C. § 666), and Honest Services Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343, 1346).

    2.   A protective order is necessary because the government has produced and intends to produce to the defense materials containing third parties' personal identifying information ("PII") and medical information. The Court finds that the disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306. Because the government has an ongoing obligation to protect third parties' PII and medical information, the Court finds that the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. The Court finds that a protective order is necessary because if the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that may be confusing and difficult to understand, and it could be challenging for defense counsel to adequately evaluate the case, provide advice to defendants, or prepare for trial.

3.  A protective order is also necessary because the government has produced and intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

4.  A protective order is also necessary because the government has produced and intends to produce to the defense confidential materials regarding a whistleblower, potential victims, and other witnesses who assisted with the government's investigation and who may testify at trial, as well as sensitive information related to an ongoing grand jury investigation, which if disclosed, may compromise the integrity of that investigation.  The Court finds that the unauthorized dissemination or distribution of the materials may compromise the government's ability to continue investigating subjects and interviewing witnesses who, if they were to become aware of the status of the ongoing investigation or testimony of other witnesses, may alter, intentionally or otherwise, their accounts of events or destroy evidence.  Furthermore, the Court finds that to incentivize the reporting of possible criminal activity and cooperation with federal authorities, the identity of whistleblowers and others cooperating with law enforcement, and their testimony, must be protected from public dissemination at this time.

5.  The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized

dissemination, and (b) provide the defense with sufficient information to adequately represent defendants.

    6. Accordingly, the discovery that the government has produced and will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

        a. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

        b. "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

        c. "Investigation Information" includes any information relating to a whistleblower, potential victim, or witness's cooperation with law enforcement or a government internal investigation, assistance in this or other investigations, or any other information that could be used to identify such an individual, including name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.  Investigation Information also includes sensitive information related to an ongoing grand jury investigation, which if disclosed, may compromise that investigation.

        d. "Confidential Information" refers to any document or information containing PII Materials, Medical Materials, or Investigation Information that the government produces to the defense pursuant to this Protective Order and any copies thereof.

4

    e. "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firms who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case; and (6) others consulting with defense counsel under the attorney-client privilege. The Defense Team does not include defendants, defendants' family members, or any other associates of the defendants.

    f. The government shall provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

    g. If a defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding a defendant's objection, the defendant may apply to the Court to have the designation removed.

    h. Defendants and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

      i.    The Defense Team shall not permit anyone other than the Defense Team and defendants to have possession of Confidential Information, while outside the presence of the Defense Team, with the following exceptions:

            i.    The Defense Team may provide Confidential Information to counsel for a witness or potential witness in advance of a witness interview. Before being given any portion of Confidential Information, however, any witness, potential witness, and counsel for a witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order and agree to not further disseminate any Confidential Information, or its contents, unless for purposes of seeking legal advice. Although the Defense Team may provide Confidential Information to counsel for a witness in advance of a witness interview, no member of the Defense Team shall permit a witness, potential witness, or counsel for a witness to retain Confidential Information. Following an interview with a witness or potential witness, or following a decision by the witness or potential witness to decline an interview, the Defense Team shall confirm with the witness or potential witness, or counsel for the witness, that the witness or potential witness has destroyed or returned to the Defense Team any Confidential Information in the witness's possession. Following an interview with a witness or potential witness, or following a decision by the witness or potential witness to decline an interview, the Defense Team shall also confirm with counsel for the witness that counsel has destroyed or returned to the Defense Team any Confidential Information in counsel's possession; and

          ii.   James Flynn may possess Confidential Information provided he (1) agrees in writing to be bound by the terms of the Protective Order and (2) agrees to destroy or return to the Defense Team all Confidential Information within 30 days of the conclusion of appellate and post-conviction proceedings in this case.

     j.   Defendants may see, review, and have possession of Confidential Information as permitted by this Protective Order, but defendants shall not show, disseminate, or otherwise disclose Confidential Information, or its contents, to anyone who is not a member of the Defense Team, with the exception of James Flynn.

     k.   The Defense Team, but not defendants unless in the presence of defense counsel, may show Confidential Information to a witness, potential witness, and counsel for a witness, but the Defense Team may not permit a witness, potential witness, or counsel for a witness to possess any Confidential Information outside the presence of the Defense Team unless the requirements of paragraph 6(i)(i) have been met.

     l.   Defense counsel may also review Confidential Information with an attorney who is not part of the Defense Team, for purposes of conferring regarding legal strategy in this case. Before being shown any portion of Confidential Information, however, any attorney must be informed of, and agree in writing to be bound by, the requirements of the Protective Order and agree to not further disseminate any Confidential Information, or its contents, including to other clients.

     m.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not

permitting anyone other than the individuals expressly permitted by the Protective Order to see Confidential Information; (2) not divulging the contents of Confidential Information to anyone other than the individuals expressly permitted by the Protective Order to receive or obtain the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's or defendants' offices, homes, vehicles, or personal presence, except as permitted in paragraphs 6(i), 6(j), and 6(k).

   n.   To the extent that defendants, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and shall be handled in accordance with the terms of the Protective Order.

   o.   The Defense Team and defendants shall use Confidential Information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255.  In the event that a defendant needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the defendant seeking to file such information publicly shall provide advance written notice to the government to afford the government an opportunity to object or otherwise respond to such intention.  If the government does not object to the proposed filing, the defendant seeking to file such

8

1  information shall redact any Confidential Information and make all
2  reasonable attempts to limit the divulging of Confidential
3  Information.
4           p.   Any Confidential Information inadvertently produced
5  in the course of discovery prior to entry of the Protective Order
6  shall be subject to the terms of the Protective Order.  If
7  Confidential Information was inadvertently produced prior to entry
8  of the Protective Order without being marked "CONFIDENTIAL
9  INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government
10 shall reproduce the material with the correct designation and notify
11 defense counsel of the error.  The Defense Team and defendants shall
12 take immediate steps to destroy the unmarked material, including any
13 copies.
14          q.   Confidential Information shall not be used by
15 defendants or the Defense Team, in any way, in any other matter,
16 absent an order by this Court.  All materials designated subject to
17 the Protective Order maintained in the Defense Team's files shall
18 remain subject to the Protective Order unless and until such order
19 is modified by this Court.  Within 30 days of the conclusion of
20 appellate and post-conviction proceedings, defense counsel shall
21 return all Confidential Information, certify that such materials
22 have been destroyed, or certify that such materials are being kept
23 pursuant to the California Business and Professions Code and the
24 California Rules of Professional Conduct.
25          r.   In the event that there is a substitution of counsel
26 prior to when such documents must be returned, new defense counsel
27 must be informed of, and agree in writing to be bound by, the
28 requirements of the Protective Order before the undersigned defense

1 counsel transfers any Confidential Information to the new defense
2 counsel.  New defense counsel's written agreement to be bound by the
3 terms of the Protective Order shall be returned to the Assistant
4 U.S. Attorney assigned to the case.  New defense counsel then will
5 become the Defense Team's custodian of materials designated subject
6 to the Protective Order and shall then become responsible, upon the
7 conclusion of appellate and post-conviction proceedings, for
8 returning to the government, certifying the destruction of, or
9 retaining pursuant to the California Business and Professions Code
10 and the California Rules of Professional Conduct all Confidential
11 Information.
12          s.   Defense counsel shall advise their respective client
13 (defendant RIDLEY-THOMAS or defendant FLYNN), all members of the
14 Defense Team, and any other individual to whom Confidential
15 Information is divulged of their obligations under the Protective
16 Order and ensure their agreement to follow the Protective Order,
17 prior to providing access to any materials subject to the Protective
18 Order.
19 ///
20 ///
21 ///

7. This Protective Order hereby supersedes and replaces the prior protective order filed at docket no. 35. Any Confidential Information the government previously produced to the Defense Team pursuant to the terms of the prior protective order shall now be subject to the terms of this Protective Order.

IT IS SO ORDERED.

DATED: February 23, 2022

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

  */s/ Lindsey Greer Dotson*
RUTH C. PINKEL
LINDSEY GREER DOTSON
Assistant United States Attorneys