# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>          v.<br><br>MARK RIDLEY-THOMAS and<br>MARILYN LOUISE FLYNN,<br>    Defendants. | CR 21-485 DSF<br><br>ORDER RE OPPOSITION TO DEFENDANT MARILYN LOUISE FLYNN'S *EX PARTE* APPLICATION FOR PRE-TRIAL RETURN OF RULE 17 SUBPOENA |

    Defendant Marilyn Louise Flynn filed an under seal and *in camera* application seeking an order for the issuance of a subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c), directing the subpoenaed party to provide documents on a date well in advance of the projected trial date. She requests that the documents be made available to her (presumably, only to her) on that date. She also "requests that the Order issuing the subpoena, the subpoena itself, the application for the subpoena, and the documents returned on the subpoena shall remain *in camera* and shall not be revealed to any other law enforcement agency or the United States Attorney's Office, but rather shall be revealed only to those parties necessary to effectuate the subpoena, except on further order of this Court." Dkt. 51 at 2.

    Government counsel, who of course have not seen the application, oppose it. They speculate that the application is an improper discovery request and ask the Court to deny it. In the alternative, to the extent the subpoena seeks documents from a federal agency, local law enforcement agency, or a witness, they ask that the U.S. Attorney's

Office be allowed to consult with any such agency about compliance with the subpoena.[1]

The Court finds that filing the application and proposed subpoena *ex parte* and under seal is proper so that defense theories and strategy will not be revealed to the government. See, e.g., United States v. Sleugh, 896 F.3d 1007, 1010 (9th Cir. 2018). The Court will evaluate the subpoena without input from the government.

However, to the extent Flynn seeks to preclude the subpoenaed private party from disclosing the application or subpoena, that request will be denied. Though the Court will order that any person involved in the service of the subpoena[2] not disclose the application or subpoena, or details of its service, the Court declines to place any limit on the subpoenaed party's ability to disclose the contents of the documents or the fact of its service. To do so would interfere with the rights of the subpoenaed party.

IT IS SO ORDERED.

Date: May 24, 2022

*Dale S. Fischer*
Dale S. Fischer
United States District Judge

---

[1] The Court assumes the government has standing for the purpose of this Order only.

[2] This restriction is likely unnecessary, as Flynn has not asked that the Court authorize service by the United States Marshals Service.