DURIE TANGRI LLP
MICHAEL J. PROCTOR (SBN 148235)
mproctor@durietangri.com
953 East 3rd Street
Los Angeles, CA 90013
Telephone: 213-992-4499
Facsimile: 415-236-6300

DURIE TANGRI LLP
GALIA Z. AMRAM (SBN 250551)
gamram@durietangri.com
RAMSEY W. FISHER (SBN 334228)
rfisher@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
MARK RIDLEY-THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK RIDLEY-THOMAS and MARILYN LOUISE FLYNN, <br><br> Defendants. | Case No. 2:21-cr-00485-DSF <br><br> **OPPOSITION TO THE REQUEST FOR CONTINUANCE OF TRIAL** <br><br> Ctrm: 7D <br> Judge: Honorable Dale S. Fischer |

Defendant Mark Ridley-Thomas respectfully opposes Plaintiff United States of America and Defendant Marilyn Flynn's request to continue the trial in the above-captioned matter currently set for August 9, 2022.[1]

## I. MR. RIDLEY-THOMAS ELECTS NOT TO WAIVE HIS SPEEDY TRIAL RIGHTS

Trial was initially set in this matter for December 14, 2021. After representations from the United States Attorney's Office concerning the scope and volume of discovery, Mr. Ridley-Thomas agreed to waive his Speedy Trial rights through August 9, 2022. *See* Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, Docket No. 38. He does not agree to further waive those rights.

Mr. Ridley-Thomas denies the allegations in the Indictment. He welcomes the opportunity to prove those allegations false at trial. He agreed to delay that opportunity from December 14, 2021 to August 9, 2022, so that his counsel could have sufficient time to review the discovery in this case and prepare for trial. That request stopped the clock on Mr. Ridley-Thomas's Speedy Trial rights under 18 U.S.C. § 3161. *See* 18 U.S.C. § 3161(h)(7)(A) (the 70-day period excludes "[a]ny period of delay resulting from a continuance granted by any judge … at the request of the defendant"). It did not reset it. Based on the current discovery, Mr. Ridley-Thomas and his counsel believe they will be ready for trial on August 9, 2022. Mr. Ridley-Thomas does not agree to any further waiver of his Speedy Trial rights.

Mr. Ridley-Thomas does not believe that a continuance is needed to serve the ends of justice. Trial is more than two months away, and preparation can proceed during this time. Additionally, Mr. Ridley-Thomas respectfully notes that none of the other trials

---

[1] The United States and Ms. Flynn style their request as a "Stipulation." This Court's Criminal Standing Order makes clear that stipulations "should not [be] offer[ed] without having conferred with opposing counsel and having reached an agreement." CR Standing Order, April 20, 2020, at 11. Because not all parties agreed to the continuance, the request, in fact, is a joint motion or application, not a stipulation.

cited in the Stipulation filed by the government and Ms. Flynn conflict with an August 9, 2022 trial date.  Finally, the recent political attack advertisements currently airing on television are a real concern.  But it is not clear why continuing the trial to November 15—two weeks after the general election, during which the frequency of these advertisements will likely only increase—will make *voir dire* and jury selection any easier than would keeping it on August 9—two months after the primaries and three months before the general election.

Mr. Ridley-Thomas is aware of the provisions of 18 U.S.C. § 3161(h)(6), which permits the Court to find excludible time for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  However, it is respectfully suggested that the Court has the discretion to deny the requested continuance or sever the case and keep Mr. Ridley-Thomas on the August 9 trial date.[2]  It is Mr. Ridley-Thomas's unambiguous preference to try the case on that date.

## II. THE PREJUDICE TO MR. RIDLEY-THOMAS THAT WOULD ARISE FROM A CONTINUANCE EXTENDS BEYOND THIS CASE

A continuance would also be uniquely prejudicial to Mr. Ridley-Thomas, apart from his Speedy Trial rights.  Mr. Ridley-Thomas, who has devoted his life to public service, was elected in 2020 as a Los Angeles City Councilmember to serve the constituents of District 10.  However, six days after the Indictment was returned in this case, Los Angeles City Council President Nury Martinez moved the City Council to suspend Mr. Ridley-Thomas from office.  The next day—October 20, 2021—with no hearing, no opportunity to be heard, and no evidence presented, the Council suspended Mr. Ridley-Thomas.  His constituents filed suit to reverse the decision, *Southern Christian Leadership Conference, et al. v. City of Los Angeles, et al.*, No. 22STCP00617 (Cal.

---

[2] Within one day of the filing of this opposition, Mr. Ridley-Thomas will have filed a Motion to Sever under Federal Rule of Criminal Procedure 14.  Mr. Ridley-Thomas asks the Court to consider the arguments made in that Motion to Sever as it considers the instant Opposition.

Super. Ct., filed Feb. 18, 2022), but as of today he remains suspended.

Compounding this problem, the Los Angeles City Controller, Ron Galperin, soon thereafter converted Mr. Ridley-Thomas's *suspension* into a *suspension without pay or benefits*. Thus, although the action was not authorized by Council vote, Mr. Ridley-Thomas is not earning a salary and he and his family are without City Council benefits. Moreover, as an elected (but suspended) Councilmember, Mr. Ridley-Thomas is not permitted to obtain outside employment.[3] Accordingly, he is being deprived of the opportunity to serve the constituents he was elected to serve, his salary and benefits, and the ability to accept other employment.

For these reasons, then, Mr. Ridley-Thomas has cause to, and does, object to the requested continuance. Mr. Ridley-Thomas is eager to disprove the government's allegations so he can get back to the work of serving his constituents. Furthermore, if the suspension continues to the end of 2022 and into 2023, the City Council could call for a special election to fill the remainder of Mr. Ridley-Thomas's term, which would effectively prevent Mr. Ridley-Thomas from returning to the office he was elected to hold.

### III. CONCLUSION

For these reasons, Mr. Ridley-Thomas requests that the Court deny the continuance sought by the government and Ms. Flynn to continue the trial date or grant his separately filed request for severance. Mr. Ridley-Thomas appreciates that the Court must weigh the many concerns of the various parties. While he does not seek to elevate his own concerns over anyone else's, he wants the Court to understand how a continuance uniquely prejudices him.

Mr. Ridley-Thomas appreciates the Court's attention to these matters.

---

[3] Under Los Angeles City Charter Section 218, "members of the Council shall devote their entire time to duties related to their offices. They shall not receive any compensation, including honoraria, for their services other than that provided in this section, except that which may be provided for their serving on governmental entities where payment is authorized for other governmental officers or employees serving in that capacity."

Dated: May 26, 2022

DURIE TANGRI LLP

By: _____
MICHAEL J. PROCTOR
GALIA Z. AMRAM

Attorneys for Defendant
MARK RIDLEY-THOMAS

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

_____
MICHAEL J. PROCTOR