DURIE TANGRI LLP
MICHAEL J. PROCTOR (SBN 148235)
mproctor@durietangri.com
953 East 3rd Street
Los Angeles, CA 90013
Telephone: 213-992-4499
Facsimile:  415-236-6300

DURIE TANGRI LLP
GALIA Z. AMRAM (SBN 250551)
gamram@durietangri.com
RAMSEY W. FISHER (SBN 334228)
rfisher@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile:  415-236-6300

Attorneys for Defendant
MARK RIDLEY-THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>MARK RIDLEY-THOMAS and MARILYN LOUISE FLYNN,<br><br>                    Defendants. | Case No. 2:21-cr-00485-DSF<br><br>**DEFENDANT MARK RIDLEY-THOMAS'S *EX PARTE* APPLICATION FOR ORDER PERMITTING *IN CAMERA* SUBMISSION IN SUPPORT OF HIS MOTION TO SEVER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MICHAEL J. PROCTOR IN SUPPORT THEREOF**<br><br>Ctrm: 7D<br>Judge: Honorable Dale S. Fischer<br><br>(Opposed by the Government)<br><br>(Unopposed by Defendant Marilyn Flynn) |

**PLEASE TAKE NOTICE** that Defendant Mark Ridley-Thomas, by and through his counsel of record, Michael J. Proctor of Durie Tangri LLP, hereby applies for an Order permitting *in camera* review of the following document: *In Camera* Declaration of Michael J. Proctor. The *In Camera* Proctor Declaration reveals information about Mr. Ridley-Thomas's legal theories and defense strategy for trial. Requiring Mr. Ridley-Thomas to divulge his defense theories and strategy to the government would undermine his right to a fair trial and burden his right to preserve the confidentiality of his trial preparation. It would also impinge upon his Constitutional rights.

On May 24, 2022, Mr. Ridley-Thomas's counsel met and conferred with the government regarding Mr. Ridley-Thomas's *ex parte* application for *in camera* review of the declaration. The government stated it opposed the application. Mr. Ridley-Thomas's counsel also met and conferred with counsel for Defendant Marilyn Flynn and Ms. Flynn's counsel stated she has no objection.

This Application is based on the attached Memorandum of Points and Authorities, and the Declaration of Michael J. Proctor in Support of Defendant Mark Ridley-Thomas's *Ex Parte* Application for *In Camera* Submission in Support of His Motion to Sever.

Dated: May 27, 2022

DURIE TANGRI LLP

By: /s/ Michael J. Proctor
MICHAEL J. PROCTOR

Attorney for Defendant
MARK RIDLEY-THOMAS

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Criminal Local Rule 49-1.2(b)(3), Standing Order Rule 7, Civil Local Rule 7-19, and Federal Rule of Criminal Procedure 49.1, Defendant Mark Ridley-Thomas respectfully requests that the Court permit *in camera* review of a statement relating to his defense in support of his motion to sever.

Courts have supervisory powers over their records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987). The Ninth Circuit has approved of filing items *ex parte*, *under seal*, and *in camera* where a party has "no obligation to disclose them." *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) (quoting *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998)); *see also United States v. Sleugh*, 896 F.3d 1007, 1010 (9th Cir. 2018) (noting that Rule 17 "applications, supported by an attorney's affidavit explaining the reasons the evidence is necessary, are often filed ex parte and under seal"); *United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made *in camera* by defense counsel); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing oral and written offers of proof made *in camera*).

*In camera* submission of declarations and other evidence may be necessary when disclosure would require the defense to reveal its legal strategy or describe the anticipated testimony of defense trial witnesses—or otherwise might burden the right of the defense to preserve the confidentiality of its trial preparation. *See, e.g.*, *Gurolla*, 333 F.3d at 953 n.11 (approving of *in camera* submission regarding testimony and entrapment defense in order to balance rights under the Fifth and Sixth Amendments); *United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (acknowledging that defense attorney could have submitted a proffer, in support of motion to dismiss for pre-indictment delay, *in camera* to prevent disclosure of defense theory).

In *Gurolla*, for example, the defendant submitted a pretrial offer of proof, including sealed declarations, on his entrapment defense, which the district court originally denied in a sealed order. 333 F.3d at 951-52. The Ninth Circuit ordered a new trial where the

defendant could present the entrapment defense and held that the government was not entitled to view and respond to the sealed declarations or the sealed order in its appellate briefing. *Id.* at 947, 952-53. And in *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984), the Second Circuit held that the district court should have allowed the defendant's *in camera* offer of proof "where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved." *See also United States v. Poindexter*, 727 F. Supp. 1470, 1479 n.16 (D.D.C. 1988) ("The Court considers the *ex parte* nature of the showing to be appropriate at this time because it does not wish to require the defendant to reveal to the prosecution the theories of his defense as a prerequisite to attempting to secure the discovery to which he may be entitled."); *United States v. Beckford*, 964 F. Supp. 1010, 1031 (E.D. Va. 1997) ("*ex parte* process is proper because the defendants' various *Nixon* disclosures implicate the rights of defendants not to disclose their trial strategy and to maintain the privacy of their confidential records."); *United States v. McVeigh*, 954 F. Supp. 1441, 1444-45 (D. Colo. 1997) (approving the *ex parte* filing of supporting documents for a defense discovery request, where the documents disclosed portions of the defense strategy).

Mr. Ridley-Thomas seeks to submit for *in camera* review a statement relating to his trial defense in support of his motion to sever under Federal Rule of Criminal Procedure 14. Rule 14 provides: "If the joinder of…defendants…for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." To demonstrate the prejudice Mr. Ridley-Thomas faces if severance is not granted, Mr. Ridley-Thomas reveals information about his legal theories and defense strategy for trial, as well as information protected by attorney-client privilege and the work product doctrine. He does so in an *In Camera* Declaration of Michael J. Proctor. The motion itself, obviously, is not filed *in camera*.

DEFENDANT MARK RIDLEY-THOMAS'S *EX PARTE* APPLICATION FOR ORDER
PERMITTING *IN CAMERA* SUBMISSION IN SUPPORT OF HIS MOTION TO SEVER
CASE NO. 2:21-CR-00485-DSF

Mr. Ridley-Thomas is not obligated to disclose the details of his defense strategies and theories to the government, *see Gurolla*, 333 F.3d at 953 n.11, and therefore seeks to submit *in camera* the statement relating to his defense in support of his motion. Requiring him to divulge his defense theories and strategy to the government in order to avail himself of constitutional protections and the protections of the Federal Rules of Criminal Procedure would undermine his right to a fair trial. *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997). For the same reasons, Mr. Ridley-Thomas should not be obligated to disclose to his co-defendant, Marilyn Flynn, his trial strategies and defense in seeking to sever his trial from hers. *Sleugh*, 896 F.3d at 1012 (concern about revealing defense strategies to government could also apply to revealing such information to co-defendants).

Accordingly, Mr. Ridley-Thomas respectfully requests that the Court grant his *ex parte* application permitting *in camera* review of the *In Camera* Proctor Declaration.

If the Court declines to permit the *In Camera* Proctor Declaration to be accepted as an *in camera* submission, counsel for Mr. Ridley-Thomas respectfully requests that the Court return the statement to counsel for Mr. Ridley-Thomas and that it not be filed publicly or shared with any other party.

Dated: May 27, 2022

DURIE TANGRI LLP

By: /s/ Michael J. Proctor
MICHAEL J. PROCTOR
Attorney for Defendant
MARK RIDLEY-THOMAS

## DECLARATION OF MICHAEL J. PROCTOR

I, Michael J. Proctor, declare as follows:

1. I am an attorney admitted to practice in the State of California and a member of the bar of this Court. I am an attorney at the law firm of Durie Tangri LLP, counsel for Defendant Mark Ridley-Thomas. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

2. I am filing a Motion to Sever with the Court on behalf of Mr. Ridley-Thomas. That motion is based, in large part, on evidentiary issues. To help the Court understand, contextualize, and analyze these evidentiary issues, I have prepared an *In Camera* Declaration of Michael J. Proctor.

3. That *In Camera* Proctor Declaration sets forth information not subject to disclosure under Federal Rule of Criminal Procedure 16 or any other discovery rule. It reveals to the Court its defense strategy, anticipated testimony of defense trial witnesses, and information received from Mr. Ridley-Thomas—all information protected by the attorney-client privilege and/or the attorney work product doctrine. Further, it is my opinion that requiring Mr. Ridley-Thomas to divulge his defense theories and strategy contained in the *In Camera* Declaration in order to avail himself of constitutional protections and the protections of the Federal Rules of Criminal Procedure would undermine his right to a fair trial.

4. On May 24, 2022, I met and conferred with the government regarding this *ex parte* application for *in camera* review of the *In Camera* Proctor Declaration. The government stated it opposed the application. On May 25, 2022, I met and conferred with counsel for Defendant Marilyn Flynn regarding the *ex parte* application and Ms. Flynn's counsel stated she does not oppose the application.

5. Should the Court decline to permit the *In Camera* Proctor Declaration to be accepted as an *in camera* submission, I respectfully request that the Court return the document to me and that it not be filed publicly or shared with any other party.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed May 27, 2022, at Los Angeles, California.

_____
MICHAEL J. PROCTOR

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

_____
MICHAEL J. PROCTOR