DURIE TANGRI LLP
MICHAEL J. PROCTOR (SBN 148235)
mproctor@durietangri.com
953 East 3rd Street
Los Angeles, CA 90013
Telephone:  213-992-4499
Facsimile:   415-236-6300

DURIE TANGRI LLP
GALIA Z. AMRAM (SBN 250551)
gamram@durietangri.com
RAMSEY W. FISHER (SBN 334228)
rfisher@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  415-362-6666
Facsimile:   415-236-6300

Attorneys for Defendant
MARK RIDLEY-THOMAS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARK RIDLEY-THOMAS and<br>MARILYN LOUISE FLYNN,<br><br>                    Defendants. | Case No. 2:21-cr-00485-DSF<br><br>**DEFENDANT MARK RIDLEY-THOMAS'S NOTICE OF MOTION AND MOTION FOR PRETRIAL DISCOVERY CUT OFF DATE PURSUANT TO RULE 16.1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  June 27, 2022<br>Time:  8:30 a.m.<br>Ctrm:  7D<br>Judge: Honorable Dale S. Fischer |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 27, 2022, at 8:30 a.m. in the courtroom of the Honorable Dale S. Fischer, or as soon thereafter as the matter may be heard, counsel for Defendant Mark Ridley-Thomas will move the Court for a pretrial discovery cut-off date pursuant to Rule 16.1.  This motion is based on the attached memorandum of points and authorities, the Constitution of the United States of America, all applicable statutory and case law, and such argument as the Court will entertain at the motion hearing.


Dated:  May 27, 2022

DURIE TANGRI LLP
MICHAEL J. PROCTOR
GALIA Z. AMRAM
RAMSEY W. FISHER


By:  _____
GALIA Z. AMRAM

Attorneys for Defendant
MARK RIDLEY-THOMAS

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ............................................................................................... 2

III.  ARGUMENT.................................................................................................... 2

    A.  Rule 3.8(d) compels "timely" disclosure of materials beyond *Brady*. ........... 3

    B.  In addition to the express authority in Rule 16.1, this Court has the inherent authority to issue a disclosure order as a case-management, prophylactic measure.......................................................................................... 5

IV.  CONCLUSION................................................................................................. 9

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PRETRIAL DISCOVERY
CUT OFF DATE; MPA IN SUPPORT THEREOF / CASE NO. 2:21-CR-00485-DSF

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brady v. Maryland,*
   373 U.S. 83 (1963)................................................................*passim*

*Cone v. Bell,*
   556 U.S. 449 (2009)................................................................ 3

*Giglio v. United States,*
   405 U.S. 150 (1972)................................................................*passim*

*In re Kline,*
   113 A.3d 202 (D.C. 2015) ........................................................ 5

*In re Special Proceedings,*
   825 F. Supp. 2d 203 (D.C. 2011)................................................ 8

*United States v. Acosta,*
   357 F. Supp. 2d 1228 (D. Nev. 2005)........................................ 3

*United States v. Bagley,*
   473 U.S. 667 (1985)................................................................ 1, 9

*United States v. Bararia,*
   No. 2:12-CR-236-APG-GWF, 2013 WL 3353343 (D. Nev. July 2, 2013) .................. 3

*United States v. Burns,*
   No. CR 16-132 CRB, Dkt. No. 24 (N.D. Cal. Jan. 4, 2017) ........................................ 9

*United States v. Cerna,*
   633 F.Supp.2d 1053 (N.D. Cal. 2009)........................................ 9

*United States v. Davenport,*
   753 F.2d 1460 (9th Cir. 1985) ................................................ 6

*United States v. de Anda,*
   No. 18-CR-00538 TSH, 2019 WL 2617090 (N.D. Cal. June 26, 2019) .................... 3, 4

*United States v. Diaz,*
   No. CR 05-0167 WHA, 2008 WL 360582 (N.D. Cal. Feb. 8, 2008)............................ 9

*United States v. Etienne*,
   No. CR 17-00093 WHA, Dkt. No. 103 (N.D. Cal. March 8, 2018)................................9

*United States v. Garcia-Zarate*,
   419 F.Supp.3d 1176, 1179 (N.D. Cal. 2020)................................................4

*United States v. Keller*,
   No. 18-CR-00462 VC .........................................................................3, 9

*United States v. Price*,
   566 F.3d 900 (9th Cir. 2009) ...............................................................5, 6

*United States v. Richter*,
   488 F.2d 170 (9th Cir. 1973) ...................................................................6

*United States v. Starusko*,
   729 F.2d 256 (3d Cir. 1984) ...............................................................8, 9

*United States v. Valdez*,
   No. CR-18-000608-JD-1, Dkt. 52 (N.D. Cal. Feb. 11, 2019) (order) ...........................9

*United States v. W.R. Grace*,
   526 F.3d 499 (9th Cir. 2008) ...........................................................2, 6, 7

*United States v. Walker*,
   No. CR 17-00570 EMC, 2018 WL 3023518 (N.D. Cal. June 18, 2018)
   (order) ...............................................................................1, 6

**Statutes**

18 U.S.C. § 371 ...............................................................................2

18 U.S.C. § 666 ...............................................................................2

28 U.S.C. § 530 .........................................................................1, 3, 4

**Fedral Statutes**

Fed. R. Cr. P. 5 ..............................................................................2

Fed. R. Cr. P. 16 .......................................................................*passim*

Fed. R. Cr. P. 26 .......................................................................1, 9

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PRETRIAL DISCOVERY
CUT OFF DATE; MPA IN SUPPORT THEREOF / CASE NO. 2:21-CR-00485-DSF

**California Rules**

Cal. Rules of Prof. Conduct 3.8 .................................................................*passim*

Cal. Rules of Prof. Conduct 5-110 ................................................................ 1, 2, 3

**Other Authorities**

ABA Standing Committee on Ethics and Professional Responsibility, Formal
　　Ethics Opinion 09-454 (July 8, 2009).................................................... 5

Ellen Yaroshefsky, *Prosecutorial Disclosure Obligations*, 62 Hastings L. J.
　　1321, 1326–27 (2011)............................................................................ 5

Lauren Ernde, *Ethics Panel Pushes a Disclosure Rule for Prosecutors*,
　　California Bar Journal............................................................................ 4

Nevada Rules of Prof. Conduct 3.8 ............................................................... 3

Nevada Supreme Court Rule 179 ................................................................... 3

Report on Attorney Responsibility in Criminal Case, App. B, Model Order
　　Directed to the Prosecution (Feb. 2017)............................................... 8

U.S. Attorneys' Manual 9-5.001.................................................................... 6

USDC C.D. Local Rule 16......................................................................... 4, 7, 8

USDC N.D. Cal. Civ. R. 11-4........................................................................ 3

USDC N.D. Cal. Crim. R. 2-1........................................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The government has an obligation to produce discovery as required by applicable law.  This includes Federal Rules of Criminal Procedure 16 and 26.2; Central District of California General Order No. 21-02; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *United States v. Bagley*, 473 U.S. 667 (1985). The government must also comply with the United States Department of Justice policy regarding discovery which requires disclosures beyond the minimum constitutional protections of *Brady*, *Giglio*, and *Bagley*.  *See, e.g.*, *United States v. Walker*, No. CR 17-00570 EMC, 2018 WL 3023518, at *2 (N.D. Cal. June 18, 2018) (order).  The government also must comply with the disclosure requirements of California Rule of Professional Conduct 3.8(d), formerly California Rule of Professional Conduct 5-110(D), which apply to federal prosecutors practicing in California.  *Id.* ("The United States concedes that Rule 5-110(D) is binding on its attorneys practicing in this state.  *See* 28 U.S.C. § 530B(a)").[1]

Defendant Mark Ridley-Thomas respectfully requests pursuant to Federal Rule of Criminal Procedure 16.1, and the Court's inherent power, that this Court set a pretrial discovery cut-off date before the filing date for motions *in limine*.  This cut-off date should apply to all discovery and disclosures as required by the applicable law cited above.  Discovery and disclosures not timely produced may be excluded from trial if good cause for the failure to produce is not demonstrated.  *See* Fed. R. Crim. P. 16(d)(2), 26.2(e).

---

[1] On November 1, 2018, the State Bar of California codified Rule 5-110 as California Rule of Professional Conduct 3.8.  *See* New Rules of Professional Conduct Effective November 1, http://www.calbar.ca.gov/About-Us/News/News-Releases/new-rules-of-professional-conducteffective-november-1.  Rule 3.8(d) is identical to Rule 5-110(D), which the California Supreme Court had previously adopted.  *See* Rule 3.8 Executive Summary Redline, http://www.calbar.ca.gov/Portals/0/documents/rules/Rule_3.8-Exec_Summary-Redline.pdf.

Such a cut-off date has been successfully implemented by numerous other federal judges as a case management measure.  A cut-off order before *in limine* motions are due would obviate the need for continuances and help keep the case on track to the trial date. This Court should therefore exercise its authority under Rule 16.1, as well as its "inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system," and order the disclosure of required materials before *in limine* motions are due.  *United States v. W.R. Grace*, 526 F.3d 499, 512 (9th Cir. 2008).

## II.   BACKGROUND

Mr. Ridley-Thomas is charged with Conspiracy, in violation of 18 U.S.C. § 371, Bribery, in violation of 18 U.S.C. § 666(a)(1)(B) and Honest Services Fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346 2(b).  Mr. Ridley-Thomas invited the government to stipulate to a pretrial discovery cut-off date in this case, but the parties were unable to reach an agreement.  Trial in this matter is set for August 9, 2022, and the Pretrial Conference is set for August 1, 2022, with *in limine* motions due July 1, 2022.  If the Court grants this motion and orders disclosure of responsive material before *in limine* motions must be filed, the material would be due to the defense before July 1, 2022, or within twenty-four hours of its receipt by the disclosing party if discovered after that date.

## III.   ARGUMENT

In addition to the non-controversial discovery obligations established by the applicable rules of criminal procedure and local rules, as a constitutional matter, *Brady* creates a self-executing disclosure obligation for prosecutors in every criminal case.  *See* Fed. R. Cr. P. 5(f).  In other cases, the government has consistently asserted that as a matter of course it will comply with the disclosure directives of the Department of Justice United States Attorneys' Manual.  *Id.*  Those assurances from the government undoubtedly remain true in the matter before this Court.  California Rule of Professional Conduct 3.8(d) also applies to the prosecutors here.  *Id.*  That rule, which became effective in November 2017 (then as Rule 5-110(D)), merits further discussion—with particular emphasis on its requirement for "timely" disclosure.

### A.      Rule 3.8(d) compels "timely" disclosure of materials beyond *Brady*.

Beyond a prosecutor's disclosure obligations under *Brady* and *Giglio*, which are rooted in the Due Process Clause, "the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations." *Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009); *see also United States v. Acosta*, 357 F. Supp. 2d 1228, 1232–34 (D. Nev. 2005) (upholding District of Nevada's local rule incorporating Nevada Supreme Court Rule 179(4),[2] which requires timely disclosure before trial of all information that tends to negate the guilt or mitigate the offenses charged).  In the Central District of California, one such ethical obligation is Rule 3.8(d).

Rule 3.8(d), then named Rule 5-110(D), first went into effect November 2, 2017. *See* Cal. Rules of Pro. Conduct 5-110(D) (2017).  The rule requires "timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows or reasonably should know tends to negate the guilt of the accused, mitigate the offense, or mitigate the sentence, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal."  Cal. Rules of Pro. Conduct 3.8(d) (2018).

Rule 3.8(d) applies to federal prosecutors practicing in California.  *See United States v. Keller*, No. 18-CR-00462 VC, Gov't Opp'n to Def.'s Mot. to Require Discovery Deadline Under Ca. Prof'l Rule of Conduct 3.8(D), Dkt. No. 64 at 3-4 (acknowledging that "[f]ederal law requires prosecutors to adhere to state rules of conduct—here, the California Rules of Professional Conduct.  *See* 28 U.S.C. § 530B."); *see also United States v. de Anda*, No. 18-CR-00538 TSH, 2019 WL 2617090, at *1 & n.1 (N.D. Cal. June 26, 2019) (holding that "Rule [3.8(d)] is binding on the government's attorneys practicing in this state.  *See* 28 U.S.C. § 530B(a); N.D. Cal. Civ. R. 11-4(a); N.D. Cal.

---

[2] Nevada Supreme Court Rule 179(4) became Nevada Rule of Professional Conduct 3.8(d) in 2006.  New Rule 3.8(d) has the same language as former Rule 179(4) and applies to federal prosecutors practicing in the District of Nevada.  *See United States v. Bararia*, No. 2:12-CR-236-APG-GWF, 2013 WL 3353343, at *5 (D. Nev. July 2, 2013); D. Nev. L.R. I.A. 11-7(a) (requiring attorneys practicing before the District of Nevada to adhere to the Nevada Rules of Professional Conduct).

Crim. R. 2-1."); *United States v. Garcia-Zarate*, 419 F.Supp.3d 1176, 1179 (N.D. Cal. 2020) (denying motion to disclose information regarding witnesses "to the extent it exceeds the government's existing discovery obligations, but failure to comply with those obligations will preclude the government from calling the relevant witness.  *See Brady v. Maryland*, 373 U.S. 83 (1963); Fed. R. Crim. P. 16; Local Rule 16-1; Cal. Rules of Prof. Conduct 3.8(d) & cmt. 3; 28 U.S.C. § 530B(a) ('An attorney for the Government shall be subject to State laws and rules . . . governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.').").

Rule 3.8(d) requires federal prosecutors to make broad disclosures to the defense. The disclosure obligations are "not limited to evidence or information that is material as defined by *Brady* . . . and its progeny" and "include, at a minimum, the duty to disclose impeachment evidence or information that a prosecutor knows or reasonably should know casts significant doubt on the accuracy or admissibility of witness testimony on which the prosecution intends to rely."  Rule 3.8(d), cmt. [3].  Notably, "[t]he disclosures required under Rule [3.8(d)] are also consistent with those required under the United States Attorneys' Manual and U.S. Department of Justice policy, which also require disclosure broader than *Brady*."  *United States v. de Anda*, 2019 WL 2617090, at *1 & n.1.  Indeed, the California State Bar considered—and ultimately rejected—alternative language that would have narrowed Rule 3.8(d) to disclosures that "comply with all statutory and constitutional obligations, as interpreted by relevant case law."  Lauren Ernde, *Ethics Panel Pushes a Disclosure Rule for Prosecutors*, California Bar Journal, https://www.calbarjournal.com/November2015/TopHeadlines/TH4.aspx.

Likewise, the ABA's Standing Committee on Ethics and Professional Responsibility's Formal Ethics Opinion 09-454 makes clear that a prosecutor's ethical obligations under ABA Model Rule 3.8(d), after which California's Rule is modeled, are broader than *Brady*'s materiality standard.  It noted:

> A threshold question is whether the disclosure obligation under Rule 3.8(d) is more extensive than the constitutional obligation

of disclosure.  A prosecutor's constitutional obligation extends only to favorable information that is "material," i.e., evidence and information likely to lead to an acquittal . . . Rule 3.8(d) is more demanding than the constitutional case law, in that it requires the disclosure of evidence or information favorable to the defense without regard to the anticipated impact of the evidence or information on a trial's outcome.  The rule thereby requires prosecutors to steer clear of the constitutional line, erring on the side of caution.

*See* ABA Standing Committee on Ethics and Professional Responsibility, Formal Ethics Opinion 09-454 (July 8, 2009) at 2, 4; *see also In re Kline*, 113 A.3d 202, 210 (D.C. 2015) (footnote omitted) ("[E]thical rules are designed to guide behavior, whereas appellate review of criminal cases is to ensure, after the fact, that a criminal defendant has received a fair trial.  Thus, to the extent the Rule 3.8 commentary suggests a materiality test, we reject it.  We see no logical reason to base our interpretation about the scope of a prosecutor's ethical duties on an ad hoc, after the fact, case by case review of particular criminal convictions.").

Finally, Rule 3.8(d) also has a critical requirement that bears upon the present motion: "timely" disclosures.  The commentary to the Rule explains that:  "A disclosure's timeliness will vary with the circumstances[.]"  Rule 3.8(d), cmt. 3.  Commentators have further explained that the Rule "requires . . . that disclosure must be made early enough so that the defense counsel may use the evidence and information effectively."  *See* Ellen Yaroshefsky, *Prosecutorial Disclosure Obligations*, 62 Hastings L. J. 1321, 1326–27 (2011).  In the circumstances of the present case, "timely" disclosure is before *in limine* motions are due.

**B.     In addition to the express authority in Rule 16.1, this Court has the inherent authority to issue a disclosure order as a case-management, prophylactic measure.**

It is axiomatic that the prosecution must make *Brady* and Rule 3.8(d) disclosures before trial.  *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009).  As the Ninth Circuit explained in *Price*, "[u]nder longstanding principles of constitutional due process, information in the possession of the prosecutor and his investigating officers that is helpful to the defendant, including evidence that might tend to impeach a government

1    witness, must be disclosed to the defense prior to trial." *Id.* at 903.  The U.S. Attorneys'

2    Manual establishes a similar policy.  "In most cases, the disclosures required by the

3    Constitution and this policy will be made *in advance of trial*."  U.S. Attorneys' Manual 9-

4    5.001(D) (emphasis added).  Furthermore, "[e]xculpatory information must be disclosed

5    *reasonably promptly* after it is discovered."  *Id.* at 9-5.001(D)(1) (emphasis added).  Even

6    impeachment information, "which depends on the prosecutor's decision on who is or may

7    be called as a government witness, will typically be disclosed at *a reasonable time before*

8    *trial* to allow the trial to proceed efficiently."  *Id.* at 9-5.001(D)(2) (emphasis added).  "In

9    advance of trial," "reasonably promptly," and "at a reasonable time before trial," however,

10   are imprecise terms.  And the Ninth Circuit's directive that disclosures "must be made at a

11   time when [the evidence] would be of value to the accused" does not add much clarity.

12   *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985).

13        Fortunately, to ensure the orderly litigation of this case, this Court "can . . . set

14   specific timelines to give meaning to the terms under its 'inherent power to manage its

15   cases to ensure the fair and effective administration of the criminal justice system.'"

16   *United States v. Walker*, 2018 WL 3023518, at *1 (quoting *United States v. W.R. Grace*,

17   526 F.3d 499, 512 (9th Cir. 2008)).  In 2019, a new federal rule of criminal procedure was

18   adopted, expressly authorizing the Court, upon the request of a party, "to determine or

19   modify the time, place, manner, or other aspects of disclosure to facilitate preparation for

20   trial."  Fed. R. Crim. P. 16.1(b).  Even before the adoption of Rule 16.1, however, it was

21   "well established" that "all federal courts are vested with inherent powers enabling them

22   to manage their cases and courtrooms effectively and to ensure obedience to their orders."

23   *W.R. Grace*, 526 F.3d at 509 (internal quotations and alterations omitted).  "[W]ide

24   latitude is reposed in the district court to carry out successfully its mandate to effectuate,

25   as far as possible, the speedy and orderly administration of justice."  *United States v.*

26   *Richter*, 488 F.2d 170, 173 (9th Cir. 1973).

27        The Court's power to manage its own cases and the litigation before it naturally

28   includes the authority to order a discovery cut-off.  In *W.R. Grace*, the Ninth Circuit

approved a much more drastic order than sought here.  There, the district court ordered the government to disclose its witness list a full year in advance of trial because "the court believed that the deadline would bring the necessary focus and organization to ready the case for trial." 526 F.3d at 513.  The court did not abuse its discretion by setting that early deadline. *Id.* at 513-14.  This was a reasonable method for the court to manage its trial docket. *See id.* at 514–15.  Nor did the court abuse its discretion by excluding witnesses not disclosed before the deadline; this remedy "simply enforce[d] the earlier pretrial order requiring the timely identification of trial witnesses and documentary evidence." *Id.* at 514.

The modest defense request in this case pales in comparison to the far more sweeping order upheld in *W.R. Grace*.  Here, the defense merely seeks a date certain for disclosure of materials that the government agrees it must provide, in time for them to be addressed by *in limine* motions heard at the pretrial conference.  In *W.R. Grace*, by contrast, the court ordered the government to identify its entire witness list—and hence its trial strategy—an entire year before trial. *Id.* at 509.  This Court's broad case management powers, acknowledged by the Ninth Circuit in the context of the remarkable *W.R. Grace* order, certainly authorize the far less expansive order sought here. *See id.*

Many other courts have found such orders to be useful for effectively managing busy dockets and have therefore adopted them for entire federal districts.  The District of New Hampshire, for example, requires *Brady* and *Giglio* disclosures at least twenty-one days before trial in every criminal case, absent good cause shown.  D.N.H. L.R. 16.1(d). The District of Massachusetts similarly requires disclosure of exculpatory material

twenty-one days before trial.  D. Mass. L.R. 116.1, 116.2.[3]  The State of New York has adopted a new rule mandating that, as of January 1, 2018, trial courts must issue *Brady* disclosure orders that provide that "[d]isclosures are presumptively 'timely' if they are completed no later than thirty days before commencement of trial in a felony case and fifteen days before commencement of trial in a misdemeanor case."  New York State Justice Task Force, Report on Attorney Responsibility in Criminal Case, App. B, Model Order Directed to the Prosecution (Feb. 2017), http://www.nycourts.gov/PRESS/PDFs/PR17_17.pdf, at 8.  And the Honorable District Judge Sullivan, who presided over the infamous trial of former United States Senator Ted Stevens, *see In re Special Proceedings*, 825 F. Supp. 2d 203 (D.C. 2011), now has a standard *Brady* order in every criminal case.  *See Brady* Standing Order, http://www.dcd.uscourts.gov/sites/dcd/files/StandingBradyOrder_November2017.pdf.

Other courts have set *Brady* disclosure deadlines on a case-by-case basis.  For instance, the Third Circuit upheld a district court order setting a disclosure deadline of two weeks before trial, "applaud[ing] the district court's effort to ensure prompt compliance with *Brady*," and "flatly reject[ing] the notion, espoused by the prosecution, that 'it is the government, not the district court, that in the first instance is to decide when to turn over *Brady* material.'"  *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984).  Rather,

---

[3] *See also* W.D. Tex. L.R. 16 (requiring provision of discovery in connection with trial no later than fourteen days after arraignment); D. Idaho Gen. Order 242 (mandating disclosure of all *Brady* and *Giglio* evidence); D. Or. Standing Order 2015-5(b), (d) (same); D.N.J. Standing Order 15-2 (same); W.D. Penn. L.R. 16(C) ("At the time of arraignment, and subject to a continuing duty of disclosure thereafter, the government shall notify the defendant of the existence of exculpatory evidence, and permit its inspection and copying by the defendant."); Tex. Crim. Pro. Art. 39.14(h) ("[T]he state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.").

"[t]he district court may dictate by court order when *Brady* material must be disclosed, and absent an abuse of discretion, the government must abide by that order." *Id.*[4]

Mr. Ridley-Thomas requests a modest discovery cut-off date in this case for similar case-management reasons. Doing so will ensure timely and efficient litigation of this matter, avoid unnecessary continuances, and provide clear guidance to the government and its agents regarding the timing expectations for disclosure. Therefore, as has been done in many other federal and state courts, this Court should exercise its inherent powers to impose a routine discovery cut-off order in the present case.

## IV.   CONCLUSION

A discovery cut-off of before *in limine* motions are due is a practical, prophylactic measure to protect the trial date, ensure the fair adjudication of the allegations, and provide fair notice to the government and its agents of the Court's expectations. Thus, this Court should exercise its authority, under Rule 16.1 and its inherent powers, to order a discovery cut-off date before *in limine* motions must be filed, that is before July 1, 2022, or within twenty-four hours of its receipt by the disclosing party if discovered after that date. This cut-off date should apply to all discovery and disclosures as required by applicable law, including: Federal Rules of Criminal Procedure 16 and 26.2; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and California Rule of Professional Conduct 3.8(d). Discovery and disclosures not timely produced may be excluded from trial if good cause for the failure to produce is not demonstrated. *See* Fed. R. Crim. P. 16(d)(2), 26.2(e).

---

[4] In the Northern District of California, multiple courts have ordered pretrial disclosure of *Brady* and Rule 3.8(d) material as part of routine case management. *See, e.g.*, *United States v. Burns*, No. CR 16-132 CRB, Dkt. No. 24 (N.D. Cal. Jan. 4, 2017); *United States v. Etienne*, No. CR 17-00093 WHA, Dkt. No. 103 (N.D. Cal. March 8, 2018); *United States v. Cerna*, 633 F.Supp.2d 1053 (N.D. Cal. 2009); *United States v. Diaz*, No. CR 05-0167 WHA, 2008 WL 360582 (N.D. Cal. Feb. 8, 2008). *United States v. Valdez*, No. CR-18-000608-JD-1, Dkt. 52 at 3 (N.D. Cal. Feb. 11, 2019) (order); *United States v. Keller*, No. 18-CR-00462 VC, Dkt. No. 69 (N.D. Cal. Jan. 7, 2020) (minute order).

1   Dated:  May 27, 2022                    DURIE TANGRI LLP
2                                           MICHAEL J. PROCTOR
                                            GALIA Z. AMRAM
3                                           RAMSEY W. FISHER
4
5                                       By: _____
6                                           GALIA Z. AMRAM
7                                           Attorneys for Defendant
                                            MARK RIDLEY-THOMAS
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PRETRIAL DISCOVERY
CUT OFF DATE; MPA IN SUPPORT THEREOF / CASE NO. 2:21-CR-00485-DSF

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

GALIA Z. AMRAM

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PRETRIAL DISCOVERY
CUT OFF DATE; MPA IN SUPPORT THEREOF / CASE NO. 2:21-CR-00485-DSF