# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>            v.<br><br>MARK RIDLEY-THOMAS,<br>    Defendant. | CR 21-485 DSF<br><br>Order DENYING Motion to Sever (Dkts. 61, 76) |

   Defendant Mark Ridley-Thomas moves to sever his trial from that of co-defendant Marilyn Louise Flynn. None of Ridley-Thomas's arguments for severance is persuasive.

   Ridley-Thomas's primary argument involves various statements by Flynn that Ridley-Thomas contends would be admissible against Flynn but not admissible against him in a trial.[1] The government contends Flynn's statements are all admissible against Ridley-Thomas as co-conspirator statements. Fed. R. Evid. 801(d)(2)(E). Ridley-Thomas claims this is incorrect both because the government does not have sufficient evidence of a conspiracy between Flynn and Ridley-Thomas and because the statements at issue were not made in furtherance of any conspiracy that might be thought to exist.

---

[1] The Court will assume for the purposes of this motion that severance would be warranted if all of Flynn's challenged statements were not admissible against Ridley-Thomas. If only a subset of the statements were inadmissible against Ridley-Thomas, it is possible that limiting instructions could cure any prejudice, but the Court need not reach that question.

For purposes of admission under Rule 801(d)(2)(E), the government must demonstrate by a preponderance of the evidence "that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." United States v. Bowman, 215 F.3d 951, 960–61 (9th Cir. 2000). "Narrations of past events are inadmissible, but expressions of future intent or statements that 'further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy' are admissible under Rule 801(d)(2)(E)." Id. at 961. While the alleged co-conspirator statements themselves can be considered when evaluating whether a conspiracy exists, Fed. R. Evid. 104(a), the statements cannot be the only evidence of the conspiracy. United States v. Silverman, 861 F.2d 571, 577-78 (9th Cir. 1988). They "must be corroborated by fairly incriminating evidence." Id. at 578. "Evidence of innocent conduct does little, if anything, to enhance the reliability of the co-conspirator's statement," id., but evidence short of proof of the commission of the substantive offense may also be sufficient to show, by a preponderance of the evidence, the defendant's knowing participation in the alleged conspiracy." Id. at 579.

At the hearing on this motion, the Court noted that, although the government had indicated in its Opposition that "[e]mails from both defendants, witness testimony, and other evidence will establish the quid pro quo scheme at trial," dkt. 72 at 4, it had relied almost exclusively on the alleged co-conspirator statements themselves to establish the alleged conspiracy. (Of course, if a conspiracy did indeed exist, Ridley-Thomas must have known about it.) Because the issue was the main reason for the motion to sever, the Court preferred not to wait until trial to preliminarily evaluate whether the government could establish a conspiracy. The Court therefore ordered the government to supplement its position and permitted Ridley-Thomas to respond.

The government's lengthy and detailed supplemental brief provides sufficient support for its position that Flynn's challenged statements will be admissible at a joint trial. Though the government offers to provide to the Court any requested exhibit or interview report, that is

unnecessary at this stage of the proceedings. Nor is it required that the government have already provided to the defense all the evidence referred to. The Court is not determining at this time whether any of Flynn's challenged statements will be admitted. It is simply deciding whether Ridley-Thomas has met his burden to show that the Court should grant a severance.

Though the government's proffered evidence is sufficient without the challenged statements, the hearsay statements themselves are also highly suggestive of a conspiracy. Flynn strongly implies that she is providing benefits to Ridley-Thomas's son with the expectation that Ridley-Thomas will aid in awarding a County contract to the USC School of Social Work. These statements are probably not sufficient by themselves to establish a conspiracy because they do not reflect Ridley-Thomas's beliefs about the existence of any quid pro quo agreement, but they are at the very least consistent with the existence of a conspiracy.

The Court also finds there is sufficient reason to believe that the statements were made in furtherance of the alleged conspiracy. All the statements at issue were arguably made by Flynn in an attempt to enlist the assistance of other USC personnel to provide benefits to Ridley-Thomas's son that Flynn had allegedly promised Ridley-Thomas she would deliver. The statements that provide something of an explanation for the treatment of Ridley-Thomas's son could also be seen as furthering the conspiracy by addressing potential questions among the USC staff as to why Ridley-Thomas's allegedly unqualified son was receiving such robust support from the school. Without an explanation, other USC personnel might have taken steps to prevent an unqualified candidate from receiving the benefits. This is different from "merely informative" statements because the cooperation of the people on the receiving end of the statements was arguably needed to secure the ends of the conspiracy and the statements arguably encouraged that cooperation – or at least discouraged any attempts to obstruct the aims of the conspiracy.

    The Court declines to have a formal evidentiary hearing into the existence of the conspiracy prior to trial. It is within the Court's discretion to admit evidence provisionally subject to proof at trial. United States v. Zemek, 634 F.2d 1159, 1169 (9th Cir. 1980). The Court has considered the government's more fulsome offer of proof and finds it sufficient, assuming the government can provide the proof in admissible form. There is no reason to believe that it cannot, and a formal hearing on the conspiracy would cover a significant portion of the evidence that will be presented at the trial itself. There is no need to engage in such a mini-trial absent any indication that the government will not be able to produce the evidence it proffers.

    Severance is also not warranted by Flynn's request for a later trial date. "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Differing desires for the timing of trial are not grounds for severance absent such prejudice. Ridley-Thomas points to no prejudice other than the delay in trial itself, which is not sufficient.

    The motion for severance is DENIED.

    IT IS SO ORDERED.

Date: July 5, 2022

*Dale S. Fischer*
Dale S. Fischer
United States District Judge