# EXHIBIT 17

| | |
|---|---|
| **From:** | King, Ashley |
| **To:** | Samantha Schnier; Yonekura, Stephanie; Lopata, Joel |
| **Cc:** | Brian Hennigan; Vicki Podberesky; Stephanie Xiao |
| **Subject:** | RE: USA v. Ridley-Thomas, Flynn 21-CR-00485-DSF |
| **Date:** | Thursday, September 1, 2022 5:12:22 PM |

Sam,

We will not be providing the June 18, 2018 letter from OGC to OOC, as the letter itself is protected by the attorney-client privilege.

Indeed, ""[i]t is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by the privilege." *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (holding that the attorney-client privilege applied to communications between in-house counsel and non-lawyer employees in which the advice of a non-lawyer was "solicited from . . . a client's attorney" to assist the attorney with analyzing the legal consequences of particular actions affecting the corporation).

As you know, the letter was a confidential communication made between a corporate lawyer and a corporate employee for the purpose of securing legal advice on a legal issue (i.e., OGC sought the assistance of OOC with its efforts to analyze the potential liability of the University and/or its personnel due to the whistleblower's allegations that Marilyn Flynn may have engaged in criminal or other unlawful conduct). Thus, this letter squarely falls under the protection of the attorney-client privilege.

Best,
Ashley

**From:** Samantha Schnier <sschnier@hueston.com>
**Sent:** Thursday, September 1, 2022 3:01 PM
**To:** King, Ashley <ashley.king@hoganlovells.com>; Yonekura, Stephanie <stephanie.yonekura@hoganlovells.com>; Lopata, Joel <joel.lopata@hoganlovells.com>
**Cc:** Brian Hennigan <bhennigan@hueston.com>; Vicki Podberesky <vpod@aplaw.law>; Stephanie Xiao <sxiao@hueston.com>
**Subject:** USA v. Ridley-Thomas, Flynn 21-CR-00485-DSF

[EXTERNAL]
Ashley,

USC's opposition to our motion to compel and paragraph 4 of Mr. Shapiro's declaration reference a June 18, 2018 letter from Kelly Bendell to the OOC, but the letter was not submitted with the filing. Considering that USC relies on the letter as its basis for arguing that OGC directed OOC to conduct an internal investigation in anticipation of potential litigation such that OOC's interview summaries are protected by the attorney-client privilege and work product protection, we ask that you provide

us a copy of that letter by the end of this week.

Thank you,
Sam

**Samantha Schnier**

# HUESTON HENNIGAN LLP

D: 213.788.4276
T: 213.788.4340
sschnier@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.