E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
MICHAEL J. MORSE (Cal. Bar No. 291763)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4443/8452/7367
     Facsimile: (213) 894-0141
     E-mail:    lindsey.dotson@usdoj.gov
                thomas.rybarczyk@usdoj.gov
                michael.morse@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-00485-DSF-1 |
| Plaintiff, | GOVERNMENT'S PROPOSED RESPONSE TO JURY NOTE NUMBER 11 |
| v. | |
| MARK RIDLEY-THOMAS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsey Greer Dotson, Thomas F. Rybarczyk, and Michael J. Morse, hereby files the Government's Revised Proposed Response to Jury Note Number 11.

///

///

///

This filing is based upon the attached memorandum of points and authorities, the attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 29, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

  */s/ Lindsey Greer Dotson*
LINDSEY GREER DOTSON
THOMAS F. RYBARCZYK
MICHAEL J. MORSE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PROPOSED RESPONSE TO JURY NOTE 11**

Jury Note 11 states: "On court's instruction 22 is the act that is agreed upon to satisfy criteria 2 the same act to be considered in 4 and 5"?  The government proposes the following response.

> **No.  With respect to Court's Instruction 22, the "official act" in element 2 does not need to be the same act taken by the defendant that is referenced in elements 4 and 5 of the instruction.  For element 2, it is not required that defendant actually perform an official act; it is enough that he agreed to do so.**
>
> **The jury should consider all the instructions in addition to this supplemental instruction.**

**II.   AUTHORITY**

Court's Instruction 22 states as follows:

> Defendant MARK RIDLEY-THOMAS is charged in Counts Six through Twenty of the Indictment with Honest Services Wire Fraud.  In order for the defendant to be found guilty of Honest Services Wire Fraud, the government must prove each of the following elements beyond a reasonable doubt:
>
> 1.   Defendant devised or knowingly participated in a scheme or plan to deprive the residents of the County of Los Angeles of their right of honest services;
>
> 2.   The scheme or plan consisted of a bribe in exchange for at least one **official act** by defendant, with all of you agreeing as to which act.  The "exchange" may be express or may be implied from all the surrounding circumstances;
>
> 3.   Defendant owed a fiduciary duty to the residents of the County;
>
> 4.   **Defendant acted** with the intent to defraud by depriving the residents of the County of their right of honest services;
>
> 5.   **Defendant's act** was material; that is, it had a natural tendency to influence, or was capable of influencing, a person or entity's acts; and
>
> 6.   Defendant used, or caused to be used, an interstate wire communication to carry out or to attempt to carry out an essential part of the scheme or plan.

(Emphasis added.)

With respect to element 2, the scheme or plan merely needs to involve a bribe in exchange for an official act. The official act need not be taken. United States v. Kimbrew, 944 F.3d 810, 815-16 (9th Cir. 2019) ("[T]he offense of bribery is complete upon the agreement between the briber and the public official. The Supreme Court has emphasized that the official need not follow through to be found guilty. The official can be convicted even if he never intended to perform the official act for which he was bribed. In short, execution is immaterial.") (citing McDonnell v. United States, 136 S. Ct. 2355, 2370-71 (2016)). Indeed, as the jury instructions state, a public official is not required to actually make a decision or take an action to perform an "official act;" it is enough that the official agrees to do so. Id.

Elements 4 and 5, on the other hand, refer to an act actually taken by the defendant in furtherance of the scheme. That is separate and apart from the official act that forms the basis of the exchange referenced in element 2. That is because no official act need actually be taken in element 2, whereas elements 4 and 5 do require defendant to have performed some act in furtherance of the scheme. Defendant's act in furtherance of the scheme can be an email, phone call, in-person conversation, or any other material act taken with intent to defraud. See e.g., United States v. Milovanovic, 678 F.3d 713, 728 (9th Cir. 2012), as amended (May 22, 2012) (material act in furtherance of the honest services fraud scheme was the submission of false test results to the Department of Labor); United States v. Urciuoli, 613 F.3d 11, 14 (1st Cir. 2010) (35 acts in furtherance of honest services fraud scheme consisted of the 35 checks mailed); United States v. Brugnara, 856 F.3d 1198, 1208

(9th Cir. 2017) ("intent to defraud could be inferred from after-the-fact misrepresentations designed to cover up fraudulent conduct"). Furthermore, co-schemer liability (see Court's Instruction No. 24) makes defendant liable for acts taken by other co-schemers in furtherance of the scheme, such as acts taken by Marilyn Flynn or Sebastian Ridley-Thomas. That is different from an official act, which only defendant (as the public official) could perform or advise other public officials to perform.

In the context of this case, one official act that could form the basis of the exchange in element 2 could be defendant either voting on the amended Telehealth contract or advising another official to perform an official act related to the contact. With respect to elements 4 and 5, defendant acted with the intent to defraud, for example, by mailing the sham donation letter to USC with his $100,000 check, which was a material act in that it induced USC to accept the funds. This example demonstrates why an official act -- the one the jury must unanimously find in element 2 -- need not be the same act or acts referenced in elements 4 and 5. Indeed, few, if any, official acts would ever qualify as evidence of intent to defraud in and of themselves since such acts are exercises of official government authority, not necessarily deceptive conduct. The deceptive conduct is often false statements or the concealment and non-disclosure of the bribe offered in connection with the quid pro quo.

For these reasons, the act referenced in element 2 is the "official act" forming the basis for the exchange. It must be agreed upon but need not be taken. In contrast, the acts referenced in elements 4 and 5 are material things defendant or a co-schemer

3

actually performed in furtherance of the scheme with intent to defraud.  Accordingly, the correct answer to Jury Note 11 is that the official act referenced in element 2 does <u>not</u> refer to any actions taken in elements 4 and 5.  Any other answer that does clearly clarify this distinction risks incorrectly conflating the elements, further confusing the jury, and improperly narrowing the acts the jury is to consider in determining whether defendant's conduct satisfies each element.